# STATE OF WEST VIRGINIA

## SUPREME COURT OF APPEALS

**FILED**
June 27, 2014
RORY L. PERRY II, CLERK
SUPREME COURT OF APPEALS
OF WEST VIRGINIA

**TIMOTHY RICE,**
**Claimant Below, Petitioner**

**vs.)   No. 13-0314**  (BOR Appeal No. 2047772)
(Claim No. 2010138637)

**GREIF, INC.,**
**Employer Below, Respondent**

## MEMORANDUM DECISION

Petitioner Timothy Rice, by John Blair, his attorney, appeals the decision of the West Virginia Workers' Compensation Board of Review. Greif, Inc., by Lisa W. Hunter and Jonathan Jacks, its attorneys, filed a timely response.

This appeal arises from the Board of Review's Final Order dated March 4, 2013, in which the Board affirmed an October 2, 2012, Order of the Workers' Compensation Office of Judges. In its Order, the Office of Judges affirmed the claims administrator's June 16, 2011, decision denying Mr. Rice's request for authorization of a repeat lumbar spine MRI. The Court has carefully reviewed the records, written arguments, and appendices contained in the briefs, and the case is mature for consideration.

This Court has considered the parties' briefs and the record on appeal. The facts and legal arguments are adequately presented, and the decisional process would not be significantly aided by oral argument. Upon consideration of the standard of review, the briefs, and the record presented, the Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision is appropriate under Rule 21 of the Rules of Appellate Procedure.

Mr. Rice injured his lower back on June 15, 2010, when he slipped and fell shortly after arriving at his place of employment, and the claim was held compensable for a lumbar sprain. On October 19, 2010, Mr. Rice underwent a hemilaminectomy and lumbar discectomy to treat conditions arising as a result of the June 15, 2010, injury. A physical therapy treatment note dated March 3, 2011, documents a recent incident at Mr. Rice's home, during which he fell off a porch and landed directly on his hips and back. On April 4, 2011, Anthony Alberico, M.D., Mr. Rice's treating physician, noted that Mr. Rice reported that his condition is deteriorating

1

concurrent with increased back pain. Dr. Alberico opined that a repeat lumbar spine MRI would be useful given Mr. Rice's current complaints.

On June 16, 2011, the claims administrator denied Mr. Rice's request for authorization of a repeat lumbar spine MRI. In its Order affirming the claims administrator's decision, the Office of Judges held that the evidence of record fails to demonstrate that the requested repeat lumbar spine MRI is medically necessary and reasonably required for the treatment of the compensable injury.

The Office of Judges took note of the intervening fall that occurred at Mr. Rice's home sometime in late February or early March of 2011, and found that the incident is not mentioned in any of the documentation received from Dr. Alberico, who continued to treat Mr. Rice following the intervening injury. The Office of Judges found it significant that Dr. Alberico did not discuss the presence of an intervening fall in relation to Mr. Rice's self-reported increasingly deteriorating condition.

The Office of Judges further found that irrespective of the intervening fall, the medical evidence of record demonstrates that a repeat lumbar spine MRI is not medically necessary and reasonably required for the treatment of the compensable injury. The Office of Judges then found that Marsha Lee Bailey, M.D.; Bruce Guberman, M.D.; and Prasadarao Mukkamala, M.D., all performed independent medical evaluations and unanimously concluded that Mr. Rice has reached maximum medical improvement with respect to the compensable injury and therefore would not benefit from any additional treatment or diagnostic testing. The Office of Judges then concluded that Mr. Rice has failed to causally connect his request for a repeat lumbar spine MRI to the June 15, 2010, compensable injury. The Board of Review reached the same reasoned conclusions in its decision of March 4, 2013. We agree with the reasoning and conclusions of the Board of Review.

For the foregoing reasons, we find that the decision of the Board of Review is not in clear violation of any constitutional or statutory provision, nor is it clearly the result of erroneous conclusions of law, nor is it based upon a material misstatement or mischaracterization of the evidentiary record. Therefore, the decision of the Board of Review is affirmed.

Affirmed.

**ISSUED:  June 27, 2014**

**CONCURRED IN BY:**
Chief Justice Robin J. Davis
Justice Brent D. Benjamin
Justice Margaret L. Workman
Justice Menis E. Ketchum
Justice Allen H. Loughry II